UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DAWSON COLEMAN, *pro se*,

                           Petitioner,

                           -against-

CITY OF NEW YORK,

                           Respondent.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
06-CV-5065 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

In the instant action, petitioner Dawson Coleman, *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court construes the petition and supporting correspondences from the petitioner as raising two claims.[1] For the reasons set forth more fully below, the petition is denied in its entirety.

## BACKGROUND

On June 16, 2003, the police stopped petitioner while he was driving a vehicle and conducted a computer search on his license, which revealed that the state had suspended his license on at least 10 occasions in the past. (Ross Aff. ¶ 5.) Petitioner was charged with aggravated unlicensed operation of a motor vehicle in the first degree (N.Y. Veh. & Traf. Law § 511(3)(a)(ii)), aggravated unlicensed operation of a motor vehicle in the second degree (N.Y. Veh. & Traf. Law § 511(2)(a)(iv)), aggravated unlicensed operation of a motor vehicle in the

---

[1] Petitioner filed the instant *pro se* petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. As a *pro se* litigant, petitioner's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court will interpret the petition and supporting correspondences "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*emphasis omitted*).

third degree (N.Y. Veh. & Traf. Law § 511(1)(a)), and as an unlicensed operator (N.Y. Veh. & Traf. Law § 509(1)). (Ross Aff. ¶ 6.)

Petitioner waived his right to counsel and represented himself with an assigned attorney present at proceedings as a legal advisor. On October 18, 2004, petitioner pled guilty to aggravated unlicensed operation of a motor vehicle in the first degree. (Ross Aff. ¶ 7; Resp.'s Ex. A.) Pursuant to the plea agreement, petitioner waived the right to appeal his conviction, and was sentenced to five years of probation and fined $500.00. (Resp.'s Ex. A. at 6.) Petitioner, *pro se*, then moved to withdraw his guilty plea, contending that (i) he did not voluntarily enter into the guilty plea, (ii) his conviction violated the Eighth Amendment, the Double Jeopardy Clause, and res judicata, and (iii) the statutory crime with which he was charged was invalid on its face. (Resp.'s Ex. B.) At the sentencing hearing, petitioner indicated that he did not want to withdraw his guilty plea; rather, he wanted to plead guilty to a non-felony traffic violation. (Resp.'s Ex. C. at 5.) After argument on the motion, the trial court denied his request and sentenced him in accordance with the plea agreement. (Resp.'s Ex. C. at 6-7.)

Petitioner, *pro se*, moved to vacate judgment, pursuant to N.Y. Crim. Proc. L. § 440.10. (Resp. Ex. D.) The motion can be construed as challenging his conviction on the grounds that it was obtained in violation of (i) state criminal discovery rules, and (ii) the Fifth Amendment, Double Jeopardy Clause, and other state constitutional protections. (Resp. Ex. D.) The trial court rejected petitioner's motion, holding that petitioner should have raised the claims on direct appeal, pursuant to N.Y. Crim. Pro. L. § 440.10(2)(c), and that his failure to comply with this procedural rule barred collateral review of the claims. *See People v. Coleman*, Indict. No. 5189/03, slip op. at 5-7 (N.Y. Sup. Ct. King's Co. Apr. 27, 2006). The court also rejected the

claims as "meritless." *See id*. The Appellate Division, Second Department denied leave. *See People v. Coleman*, Indict. No. 5189/03, Decision & Order (2d Dep't Aug. 15, 2006).

Petitioner, *pro se*, filed the instant action on September 15, 2006, challenging his sentence on the same grounds. (*See* Petition, Docket Entry No. 1.) Respondent opposes the instant action in its entirety as procedurally barred and meritless. (*See* Response, Docket Entry No. 5.)

## DISCUSSION

### I. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") narrowed the scope of federal habeas review of state convictions, when state courts have adjudicated a petitioner's federal claims on the merits. Under the AEDPA standard, which governs review of petitions challenging state convictions filed after 1996, such as this petitioner, federal courts may grant habeas relief only if the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring and writing for the majority). An "unreasonable determination" is one in which "the state court identifie[d] the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Id.* at 413.

3

A federal court may not grant relief "simply because that court concludes in its independent judgment that the relevant state court-decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the state court's application must have been "objectively unreasonable." *Id.* at 409. "[A] determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In the past, district courts were required to dismiss a state court prisoner's federal habeas petition if the prisoner failed to exhaust available state remedies as to his federal claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). A claim is considered exhausted, when a state court prisoner presented to the state court "both the factual and legal premises of the claim he asserts in federal court." *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*). Under the AEDPA, district courts now have the discretion to deny habeas petitions on the merits that contain unexhausted claims—so called "mixed petitions." *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

District courts cannot, however, review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a state court's holding contains a plain statement that a claim is procedurally barred based on a state rule, the federal court may not review it even if the state court also rejected the claim on the merits in the alternative. *See Harris v. Reed,* 489 U.S. 255, 264 n.10 (1989); *accord Fama v.*

*Comm. of Corr. Servs.*, 235 F.3d 804, 811 n.4 (2d Cir. 2000) ("[W]e have held that where a state court says that a claim is 'not preserved for appellate review' and then ruled 'in any event' on the merits, such a claim is not preserved.").

## II. Application

The trial court rejected both of petitioner's claims as procedurally barred as petitioner failed to raise them on direct appeal. Under New York law, a court must deny a motion to vacate when the factual basis of the claim was known to a defendant at the time of the defendant's direct appeal and the defendant failed to raise that claim. *See* N.Y. Crim. Pro. L. § 440.10(2)(c). It is well-settled that federal courts are procedurally barred from reviewing such claims as this state procedural rule serves as an independent and adequate state ground for denying relief. *See Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (holding that defendant "procedurally defaulted" as he had already taken his direct appeal and failed to assert the claim at issue); *Arriaga v. Woods*, 05-CV-3422 (DGT), 2008 WL 4850200, *5 (E.D.N.Y. Nov. 6, 2008) ("Petitioner's failure to adequately raise, on direct appeal, the ineffective assistance of counsel claim . . . leaves petitioner with no avenue of relief from the state courts."); *Vilsaint v. Burge*, 03-CV-3653 (CBA), 2007 WL 1074917, *4-5 (E.D.N.Y. Apr. 5, 2007) (holding that the state court's denial of this claim pursuant to § 440.10(2)(c) "constitutes an independent and adequate state procedural ground and so federal habeas review of it is barred"). The Appellate Division's denial of leave to appeal petitioner's procedurally defaulted claims constitutes an independent and adequate state procedural ground; thus, federal review of these claims is barred. Petitioner made no showing of cause and prejudice or actual innocence. As such, federal review of these claims is unwarranted. *See Coleman*, 501 U.S. at 750.

## CONCLUSION

For the reasons set forth above, the petition is denied in its entirety. Petitioner is further denied a certificate of appealability as he fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

SO ORDERED

DATED:   Brooklyn, New York
         March 14, 2009

_____/s/_____
DORA L. IRIZARRY
United States District Judge